## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HAROLD STAFFNEY,

                Petitioner,

     v.

SHERMAN CAMPBELL,

                Respondent.

Case No. 18-13922
Hon. Terrence G. Berg

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Harold Staffney ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, petitioner challenges the Michigan Parole Board's failure to recommend commutation of his sentence, M.C.L. § 750.316, as well as the Lenawee County Circuit Court's denial of his state petition for writ of habeas corpus. For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

### I. Background

Petitioner was convicted of first-degree murder and possession of a firearm during commission of a felony in 1987. On January 6, 1988, he was sentenced to life without parole on the first-degree murder conviction

and an additional two years imprisonment on the felony-firearm conviction. Petitioner's habeas petition is difficult to follow but it appears that he claims that the Michigan Parole Board refuses to commute his sentence for first-degree murder and/or has incorrectly scored his parole guidelines in such a way that would prevent him from obtaining commutation of his sentence. Petitioner has apparently filed several state petitions for writ of habeas corpus with the Lenawee County Circuit Court, seeking to compel the Parole Board to commute his sentence. Petitioner has been denied state habeas relief several times.

Petitioner now seeks federal habeas relief.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. § 2254. A district court has the duty to screen out any habeas corpus petition that lacks merit on its face. *Allen v. Perini,* 424 F.3d 134, 141 (6th Cir. 1970).

Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796 (additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*[1]

Petitioner's primary claim appears to be that the Michigan Parole Board has denied him commutation on his life sentence or has scored his parole guidelines in such a way that would prevent him from having his sentence commuted. To the extent that petitioner seeks a commutation of his life sentence, he is not entitled to habeas relief. There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see Board of Pardons v. Allen*, 482 U.S. 369, 377, fn. 8 (1987). There is thus no federal constitutional right to be paroled. *Gavin v. Wells*, 914 F. 2d 97, 98 (6th Cir. 1990); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). The denial of

---

[1] The Court recognizes that the general rule is that a state prisoner can only challenge his or her custody by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. See e.g. *Greene v. Tennessee Dep't of Corr.*, 265 F. 3d 369, 371 (6th Cir. 2001). Nonetheless, there is some authority that allows a state prisoner to use 28 U.S.C. § 2241 to challenge his or her commutation proceedings because the prisoner is not challenging his or her conviction but the execution of the sentence. *See Smith v. Franklin,* 465 F. App'x 788, 789 (10th Cir. 2012); *Bird v. LeMaitre*, 371 F. App'x 938, 939 (10th Cir. 2010). This Court has also found at least one case in which a state prisoner was permitted to use § 2241 to allege infirmities in his state post-conviction proceedings. *See Dawson v. Colorado*, 634 F. App'x 211, 212 (10th Cir. 2015). Regardless of what statutory provision Petitioner's claims are brought under, he is not entitled to habeas relief.

parole and the continued incarceration of a prisoner also does not violate the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. *Lee,* 76 F. Supp. 2d at 792. It is not unconstitutional to require an inmate to serve his maximum sentence. *Id.*

The reasoning in *Greenholtz* was applied to the commutation process in *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 464 (1981). In that case, the Supreme Court noted, "[U]nlike probation, pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Id.* at 464. A decision on whether an inmate's sentence should be commuted depends not only on objective findings of fact, "but also on purely subjective evaluations and on predictions of future behavior by those entrusted with the decision." *Id.*

Because the commutation process is similar to a parole determination, the Supreme Court opined that *Greenholtz* "compels the conclusion that an inmate has 'no constitutional or inherent right' to commutation of his sentence." *Dumschat,* 452 U.S. at 464. The Supreme Court further held that in terms of the Due Process Clause, a prisoner's expectation in the commutation of his or her sentence "is simply a unilateral hope." *Id.* at 465. Consequently, denying commutation does not implicate the Due Process Clause. The Supreme Court also held that any constitutional claim for commutation must be found solely in the statutes or rules which define the obligations of the authorities who are charged with granting

clemency. *Id.* The Supreme Court concluded that because Connecticut's commutation statute had no definitions, criteria, and no mandatory language, the commutation statute did not create a constitutional right for inmates serving life sentences beyond the right to seek commutation. *Id.* at 466.

The Supreme Court has also held that the Due Process Clause is not violated where the clemency or pardon procedures "do no more than confirm that the clemency and pardon powers are committed, as is our tradition, to the authority of the executive." *Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 276 (1998). The prisoner's claim of a "broader due process interest" in Ohio's clemency proceedings, the Supreme Court noted, "would be inconsistent with the heart of executive clemency, which is to grant clemency as a matter of grace, thus allowing the executive to consider a wide range of factors not comprehended by earlier judicial proceedings and sentencing determinations." *Id.* at 280–81. The availability of clemency, or the manner in which a state conducts clemency proceedings, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ohio Adult Parole Authority,* 523 U.S. at 283. Instead, the denial of clemency merely means that the inmate must serve the sentence that was originally imposed. *Id.*

More recently, in *District Attorney's Office for Third Judicial District v. Osborne*, 557 U.S. 52, 67–68 (2009), the Supreme Court held that a state prisoner did not have a liberty interest in the Alaska Governor's

constitutional authority to grant pardons, commutations, and reprieves, and thus could not, on such a basis, raise a due process challenge to the State of Alaska's refusal to give him access to the state's evidence for DNA testing.

Finally, the Sixth Circuit cautioned that Federal courts "do not sit as super appeals courts over state commutation proceedings." *Workman v. Bell,* 245 F. 3d 845, 852 (6th Cir. 2001).

The provisions of M.C.L. § 791.244 leave the decision whether to commute a life-without-parole sentence entirely to the governor's discretion, thus, the power of the governor to grant a reprieve, commutation, or pardon does not create a liberty interest in such a release. *See Manning v. Unknown Parties,* 56 F. App'x 710, 711 (6th Cir. 2003). M.C.L. § 791.244 does not impose any standards that constrain the Michigan Parole Board in determining when a prisoner's life-without-parole sentence should be commuted, the statute thus creates no right or entitlement sufficient enough to invoke the protections of the Due Process Clause. Petitioner is not entitled to relief based upon the refusal of the Michigan Parole Board to commute his life sentence.

Petitioner is also not entitled to relief on his claim that the Lenawee County Circuit Court refused to grant any of his state habeas petitions, because this claim is also non-cognizable. "The Sixth Circuit consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th

Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264 F. 3d 663, 681 (6th Cir. 2001). The rationale behind this rule is that the states have no constitutional obligation to provide post-conviction remedies. *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)). "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (quoting *Kirby v. Dutton*, 794 F. 2d 245, 247 (6th Cir. 1986)). Thus, the "scope of the writ" does not encompass a "second tier of complaints about deficiencies in state post-conviction proceedings." *Cress*, 484 F. 3d at 853 (quoting *Kirby*, 794 F. 2d at 248). "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted). Petitioner is not entitled to relief on his claim.

## III. Certificate of Appealability

Section 2253 of Title 28 of the United States Code governs appeals in habeas corpus proceedings. A state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 must obtain a certificate of appealability to bring an appeal from an order denying habeas relief. *See Greene v. Tenn. Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001). "The district court

must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997).

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## IV. Conclusion

Based upon the foregoing, IT IS ORDERED that:

- The Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**;

- A Certificate of Appealability is **DENIED**; and

- Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated:  January 31, 2019   s/Terrence G. Berg
                                                    TERRENCE G. BERG
                                                    UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 31, 2019.

s/A. Chubb
Case Manager